IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GREGORY HUMPHREY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 124-213 |
| ) | |
| SHERIFF EUGENE BRANTLEY, ) | |
| ) | |
| Respondent.[1] ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, a pretrial detainee at Charles B. Webster Detention Center in Augusta, Georgia, brings the above-captioned amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the amended petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

**I.    BACKGROUND**

According to publicly available records, Petitioner was charged by indictment dated August 13, 2024, with one count of violating the Racketeer Influenced and Corrupt Organizations Act and several counts of various drug trafficking-related offenses. State v. Humphrey, Case No. 2024RCCR00965 (Richmond Cnty. Sup. Ct. Aug. 13, 2024), available at https://www.augustaga.gov/421/Case-Management-Search (select "I Agree"; follow "Criminal Search" hyperlink; then search "Humphrey, Gregory" last visited Jan. 8, 2025);

---

[1] The Court **DIRECTS** the **CLERK** to substitute Sheriff Eugene Brantley as the Respondent because he succeeded Richard Roundtree as Sheriff of Richmond County in January 2025. See Fed. R. Civ. P. 25(d).

see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). Petitioner is represented in his state criminal proceedings by attorney Scott C. Connell and filed a motion for bond on December 31, 2024. See Humphrey, Case No. 2024RCCR00965.

Petitioner does not provide the details of the indicted charges in his amended petition but instead lists the case number associated with his pending criminal case, 2024RCCR965. (See doc. no. 7, p. 1.) According to Petitioner, the Court should grant him relief because his due process rights were violated when he did not receive a commitment hearing pursuant to O.C.G.A. § 17-4-26 within seventy-two hours, and his federal statutory and constitutional rights were violated by the prosecution's use of illegally intercepted wire communications in the grand jury proceedings, which led to Petitioner's criminal indictment. (Id. at 6-7.) Thus, he is challenging events relating to his pending criminal prosecution. (Id. at 4, 6-7.) Petitioner does not report ever filing a grievance regarding his claims. (See generally id.) Additionally, Petitioner, though represented by counsel in his underlying criminal proceedings, does not report pursuing any other appeals or challenges to his indictment and ongoing prosecution. (See id. at 2-5.)

## II.   DISCUSSION

### A.   Exhaustion

The amended petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v.

Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Cherry v. Powell, No. 3:21cv1226, 2021 WL 5762774, at *2 (N.D. Fla. Nov. 3, 2021) (collecting cases and citations omitted), *adopted by* 2021 WL 5760438 (N.D. Fla. Dec. 3, 2021). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Turner v. Morgan, No. 3:12cv188, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by* 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in the Georgia state courts. Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts and/or Petitioner's on-going state proceedings are available for Petitioner to raise claims concerning his commitment hearing and the legality of the evidence used to indict him. See Cooper v. State, 895 S.E.2d 522, 524 (Ga. 2007) (considering criminal defendant's claim the State violated O.C.G.A § 17-4-26); O.C.G.A. § 17-5-30 (describing requirements for filing motions to suppress illegal searches or seizures); Williams v. State, 438 S.E.2d 126, 126-28 (Ga. 1993) (reviewing state court decision on criminal defendant's motion to suppress wiretap communications); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out

3

cause and prejudice, as well as miscarriage of justice, exceptions). Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### B.     Younger Abstention

The amended petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Cherry, 2021 WL 5762774, at *3 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case. Although several of Petitioner's grounds for relief allege the use of illegal evidence in his criminal prosecution, (see doc. no. 7, pp. 6-7), Petitioner has not argued his state proceedings are motivated by bad faith, let alone provided "substantial allegations" with evidentiary support for any such claim. See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment). Nor has Petitioner made any viable allegation of irreparable injury. See id. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require

equitable relief). Finally, Petitioner's ongoing state proceedings provide an adequate state forum where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### C.     Petitioner's Failure to Pay $5.00 Filing Fee

Petitioner's case should also be dismissed without prejudice because he failed to pay the $5.00 filing fee despite being warned by the Court that failure to timely pay the fee would result in dismissal of his case without prejudice. (Doc. no. 4.) On December 4, 2024, the Court denied Plaintiff's motion to proceed *in forma pauperis* ("IFP") and provided him twenty-one days to pay the $5.00 filing fee. (See id.) The Court specifically stated "[f]ailure to timely file the $5.00 filing fee in accordance with this Order will result in a recommendation for dismissal of the case." (Id. (citing Loc. R. 4.2(2).)

The time to respond to the Court's Order has expired, and Petitioner has not submitted the filing fee.[2] Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible

---

[2] The Court is aware Petitioner notified the Clerk of Court in a later-filed § 1983 civil rights action that he has attempted to pay the $5.00 filing fee in his habeas corpus case by having his sister "send a money order" to the Court's address. See Humphrey v. Williams et al., No. 1:24-CV-240, doc. no. 4, p. 3 (S.D. Ga. Dec. 20, 2024). The Court has previously informed Petitioner he must file all matters related to his § 2241 habeas corpus petition in CV 124-213, not in any of his § 1983 civil rights actions. See id. at doc. no. 5, p. 2 n.1; see also Humphrey v. Williams et al., No. 1:24-cv-177, doc. no. 6 (S.D. Ga. Oct. 7, 2024). Nonetheless, the Court has not received Petitioner's filing fee despite his assertions it has been sent.

sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (*citing* Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

The law is clear a Court may even dismiss a petition brought pursuant to 28 U.S.C. § 2241 for failure to pay the filing fee or otherwise comply with the local rules concerning commencement of a case. See Olivares v. Warden, USP Coleman I, 786 F. App'x 994, 995 (11th Cir. 2019) (*per curiam*) (unpublished) (upholding dismissal of § 2241 petition for failure to pay filing fee or submit IFP motion in accordance with local rules); Abdur-Rahiim v. Fikes, No. 2:22-CV-61, 2022 WL 3702927, at *1 (S.D. Ga. Aug. 5, 2022), (dismissing § 2241 petition for failure to pay filing fee or move to proceed IFP), *adopted by* 2022 WL 3702070 (S.D. Ga. Aug. 26, 2022); King v. Joseph, No. 3:21-CV-978, 2021 WL 6339055, at *2 (N.D. Fla. Nov. 22, 2021) (same), *adopted by* 2022 WL 94993 at *1 (N.D. Fl. Jan. 10, 2022).

Here, Petitioner's failure to timely pay the $5.00 filing fee amounts to non-compliance with a court order and a failure to prosecute. This is precisely the type of neglect contemplated by the Local Rules. Thus, in addition to Petitioner's failure to exhaust state court remedies and because no exceptions to Younger abstention apply as described above, the case is also subject to dismissal for failing to follow the Court's prior Order to pay the

6

filing fee.

### III. PETITIONER'S MOTION TO AMEND SHOULD BE DENIED

Petitioner filed an amended habeas corpus petition on December 20, 2024, which the Court has analyzed as the operative petition. (Doc. no. 7; see also doc. nos. 5, 6.) Thereafter, on January 2, 2025, he filed a motion to amend his petition. (Doc. no. 8.) In this motion, Petitioner states he seeks leave to amend his petition "to strengthen the allege[d] grounds." (Id.)

The Court has discretion to apply the Rules Governing Section 2254 Cases to § 2241 habeas petitions. See Rule 1(b), Rules Governing Section 2254 Cases; see, e.g., Williams v. Ga. Dep't of Corr., Civ. Act. No. 6:17-CV-150, 2018 WL 406059, at *1 n.1 (S.D. Ga. Jan. 12, 2018) (applying Rules Governing Section 2254 Cases to § 2241 petition). The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Similarly, Rule 12 of the Rules Governing § 2254 Proceedings provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Federal Rule of Civil Procedure 15, which governs amendment of pleadings, applies to § 2241 motions. See Bowers v. U.S. Parole Comm'n, Warden, 760 F.3d 1177, 1185 (11th Cir. 2014) (applying Federal Rule of Procedure 15 to review of district court's denial of § 2241 petitioner's motion to amend petition). Thus, the Court applies a traditional Rule 15 analysis to Petitioner's motion to amend.

7

Petitioner seeks leave of court to file a second amended petition. (Doc. no. 8.) As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013) (*per curiam*). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182). An amendment is futile when the pleading it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (*per curiam*) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*))).

Here, amendment would be futile because any changes made to "strengthen" Petitioner's grounds for relief do not alter the fact that he has failed to exhaust state court remedies, no exception to Younger abstention applies, and he has not yet paid the $5.00 filing fee. See discussion *supra* section II; see also, e.g., Phillips v. Maddox, Civ. Act. No. 1:21-cv-04455, 2022 WL 22432867, at *1 & n.1 (N.D. Ga. Mar. 15, 2022) (concluding amendment would be futile where petitioner's § 2241 petition was dismissed based on available state review processes and no applicable exceptions to Younger abstention). In other words, because Petitioner merely seeks to amend his substantive grounds for relief, any

8

such amendments would be futile for the reasons described in Section II. Therefore, the Court recommends Petitioner's motion to amend be **DENIED**. (Doc. no. 8.)

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to amend be **DENIED**, (doc. no. 8), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA